**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| EDWARD MALONE, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 6:16-CV-01264-RC |
| | § | JUDGE CLARK |
| v. | § | |
| | § | |
| DAVID O'TOOLE, IN HIS CAPACITY | § | |
| AS CLERK OF THE UNITED STATES | § | |
| DISTRICT COURT FOR THE | § | |
| EASTERN DISTRICT OF TEXAS AND | § | |
| IN HIS PERSONAL CAPACITY; | § | |
| | | |
| Defendant. | | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The above entitled and numbered civil action was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636(b)(3). On July 12, 2016, the Magistrate Judge issued a Report and Recommendation containing his proposed findings and recommending that Defendant's Motion to Dismiss (Dkt. No. 14) be granted and Plaintiff's Motion to Strike or in the alternative to Convert to a Motion for Summary Judgment (Dkt. No. 15) be denied. (Doc. No. 21.) Plaintiff objected to the recommendation (Doc. No. 23) and Defendant responded. (Doc. No. 24.) Having conducted a *de novo* review of Plaintiff's written objections, the Court concludes that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit. 28 U.S.C. § 636(b)(1).

Plaintiff specifically objects that the Court has subject matter jurisdiction because the order revoking his license was not a final court order and there was no way for him to file an appeal according to our Local Rules. Defendant argues that the Eastern District of Texas is

allowed to create local rules pursuant to 28 U.S.C. § 2071, and the Local Rules authorized the Clerk to issue the order of disbarment. As noted in the Report and Recommendation, the Local Rules of the Eastern District of Texas authorize the Clerk to issue an order disbarring or suspending a member from practice in the Eastern District of Texas. Local R. AT-2(b)(2). By Rule, this is a final decision that is subject to appeal to the Fifth Circuit. *In re Bailey*, 450 F.3d 71, 72–73 (1st Cir. 2006) ("[A] district court's decision disbarring an attorney from practice is a final judgment as it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." (internal quotation omitted)); *In re Calvo*, 88 F.3d 962 (11th Cir. 1996) (finding jurisdiction at the appellate level after the district court declined to conduct a hearing but disbarred the plaintiff based on the review of his state license disbarment). The objection is **OVERRULED**.

Plaintiff argues that a letter he submitted to the Court on August 5, 2016 should be considered a pending post-judgment motion thereby tolling the deadline for filing an appeal. (Doc. No. 23). The Court agrees with the Magistrate Judge that the Plaintiff's letter did not comply with the requirements of a motion set forth in the local rules. Local R. CV-10. Therefore, consideration of this letter as a post-judgment motion is not warranted. Moreover, whether Plaintiff's letter should have been docketed as a motion is not pertinent to the Court's lack of subject matter jurisdiction discussed below. The objection is **OVERRULED**.

Plaintiff further argues that there is subject matter jurisdiction to award "prospective relief against future unconstitutional summary reciprocal revocations of law licenses in the Eastern District of Texas." (Doc. No. 23.) However, Plaintiff does not request wholly prospective relief. Plaintiff, in effect, asked the Court to issue a writ of mandamus vacating the Clerk's order of August 3, 2016 revoking his admission to practice and to restore his admission

to the bar of this Court. (Doc. No. 12.) This is not only prospective relief but also retrospective relief. *See Julian v. City of Houston, Tex.*, 314 F.3d 721, 729 (5th Cir. 2002) (noting back pay is retrospective relief because "[i]ts purpose is to restore the plaintiff to the position he would have been in absent the discrimination."); *Moore v. City of Asheville*, 396 F.3d 385 (4th Cir 2005) (finding plaintiff requested retrospective relief because he wanted to "annul the effects of the prior state administrative proceedings" and requested monetary damages). Because Plaintiff's request to vacate the Clerk's prior order is retrospective relief, the Court lacks subject matter jurisdiction over this case due to sovereign immunity. Plaintiff's objection is **OVERRULED**.

Plaintiff maintains there is subject matter jurisdiction because the Court is allowed to hear all cases with a "federal ingredient" under Article III. (Doc. No. 23) Defendant argues that the Court cannot exercise jurisdiction because the Clerk was acting in his official capacity and there was no express waiver of sovereign immunity. (Doc. No. 24.) Plaintiff has failed to show a basis for subject matter jurisdiction. He is suing Defendant because of an order issued in his role as Clerk of the Court. *Edwards v. Municipal*, 254 F.3d 70 (5th Cir. 2001). If a federal employee working in an official capacity is sued, it is a suit against the United States. *Danos v. Jones*, 652 F.3d 577, 581 (5th Cir. 2011). The United States has sovereign immunity and cannot be sued without its express consent. *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980). By suing Defendant in his official capacity, Plaintiff has imputed sovereign immunity to Defendant, and Plaintiff has not shown that sovereign immunity was waived. Plaintiff's objection is **OVERRULED**.

Therefore, the Court **ADOPTS** the Report and Recommendation of the United States Magistrate Judge (Doc. No. 21) as the findings and conclusions of this Court. Plaintiff's objections (Doc. No. 23) are **OVERRULED**. Defendant's Motion to Dismiss (Doc. No. 14) is

**GRANTED** and Plaintiff's Motion to Strike or in the Alternative to Convert to a Motion for Summary Judgment (Doc. No. 15) is **DENIED**.

So **ORDERED** and **SIGNED** this **28** day of **September, 2017.**

_____
Ron Clark, United States District Judge